# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANDY L. COOPER, No. C63527,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 13-cv-00221-MJR** |
| | ) | |
| **ERIC RUSSELL,** | ) | |
| **RONALD K. ATCHISON, and** | ) | |
| **RANDY S. VALDEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Andy L. Cooper, an inmate in Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is a civilly committed sexually dangerous person, serving an indefinite sentence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A[1], which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Section 1915A is part of Prison Litigation Reform Act of 1996 ("PLRA"), Pub.L. 104-134, Title VIII, 110 Stat. 1321, which is equally applicable to civilly committed sex offenders. *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

Plaintiff has moved to proceed *in forma pauperis* (Doc. 2) The PLRA provides:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

Prior to filing this action, Plaintiff had "struck out" by having more than three lawsuits dismissed as frivolous, malicious, or for failure to state a claim: *Cooper v. McNamarra*, No. 93-cv-904-JLF (S.D.Ill. dismissed as frivolous Feb. 16, 1995); *Cooper v. Hall*, No. 94-cv-0010-JLF (S.D.Ill. dismissed as frivolous Mar. 16, 1995); and *Cooper v. Reinhard*, No. 96-cv-50293 (N.D.Ill. dismissed with a strike Dec. 23, 1996). Consequently, this Court must determine whether Plaintiff is "under imminent danger of serious physical injury," such that this action should be allowed to proceed without full pre-payment of the filing fee, despite the fact that Plaintiff has "struck out."

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past

injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

From what little of the complaint the Court can decipher, Plaintiff is not "under imminent danger of serious physical injury." Plaintiff appears to be claiming that his personal property was stolen, and that he is harassed and treated unfairly by prison staff. At worst, Plaintiff claims aspirin for his heart regimen, support hose and hemorrhoid ointment were stolen—meaning that Plaintiff had to purchase those items anew with his own funds.[2] Plaintiff makes no allegations of imminent harm from not having those items. Therefore, he does not qualify to proceed IFP and he must pay the full $350.00 filing fee before this case may proceed. Therefore, Plaintiff's motion for pauper status (Doc. 3) shall be denied. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998).

Consistent with Section 1915A, and in the interest of judicial economy, the Court will address a second hurdle Plaintiff must overcome: the inadequacy of the complaint itself. If Plaintiff opts to pay the filing fee and proceed, he must also submit an amended complaint

---

[2] Plaintiff's claim regarding stolen property conceivably implicates Plaintiff's right under the Fourteenth Amendment to be free from deprivations of his property by state actors without due process of law. However, if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir.1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir.1993); 705 ILL. COMP. STAT. 505/8.

because the original complaint is virtually indecipherable.  The Court cannot discern new claims from historic claims (*see* Doc. 1, pp. 4-6), or "who did what to whom, and when."

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1)1 states that "[e]ach averment of a pleading shall be simple, concise, and direct."  The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), cert. denied, 510 U.S. 868 (1993).  *See also Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994); *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir.1994); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).  Therefore, the complaint (Doc. 1) shall be dismissed without prejudice, and with leave to amend.

Lastly, in light of the complaints shortcomings, the Court will consider Plaintiff's motion for appointment of counsel (Doc. 2).  Plaintiff submits documentation reflecting that his attempts to secure counsel have been fruitless.  He indicates that he has "some college," but also that he has "brain disease."  Plaintiff does not have an absolute right to court-appointed counsel in his civil suit.  *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007) (*en banc*)).  *See also Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006).  However, pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  In determining whether to make such a request, the Court must consider: (1) whether Plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so (which he has); and if so, (2) given the difficulty of the case, whether Plaintiff appears competent to litigate the case himself. *Pruitt v.*

*Mote,* 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas,* 990 F.2d 319, 321–22 (7th Cir. 1993)).   Although Plaintiff does not detail the impact of his "brain disease," his pleadings suggests that he is capable of drafting a viable complaint, and fully litigating the relatively simplistic claims suggested in the original complaint.   Plaintiff's principal problem appears to be organization of his arguments and failing to adhere to the format of the civil rights complaint form (which, while not required, would likely prevent a muddled complaint).   Therefore, at this time Plaintiff's motion for recruitment of counsel (Doc. 3) will be denied.

**IT IS THEREFORE ORDERED**, for the reasons stated:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**;

2. Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED**; and

3. The complaint (Doc. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g), Plaintiff **SHALL PAY** the full filing fee of $350.00 for this action.   Leave to amend the complaint is **GRANTED**.   Plaintiff **SHALL FILE** an amended complaint within **thirty (30) days** of the date of entry of this Order, on or before May 2, 2013.

It is strongly recommended that Plaintiff use the form designed for use in this District for such actions.   To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and instructions.   The "First Amended Complaint" shall present each claim in a separate count, and each count shall specify, by name, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.   Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff is **ADVISED** to include only related claims in his new complaint.   Claims found to be

unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see generally* FED. R. CIV. P. 20(a)(2). In addition, at this stage of the litigation, exhibits and affidavits from third parties are unnecessary. *See* FED. R. CIV. P. 26-37. Therefore, Plaintiff should refrain from filing unnecessary exhibits or affidavits with the First Amended Complaint.

Plaintiff is **ADVISED** that if he fails to file a First Amended Complaint by the prescribed deadline and in strict compliance with this Order, this case will be closed pursuant to Federal Rule of Civil Procedure 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that, because his obligation to pay the $350.00 filing fee for this action was incurred at the time the action was filed, *if* he elects not to proceed with this action, he still must pay the filing fee within 30 days from the date of this Order. If Plaintiff fails to pay the fee by the deadline, Plaintiff will likely be barred from filing any new papers in this Court until such time as he has paid to the Clerk of Court the full filing fee for this action. *See Ammons v. Gerlinger,* 547 F.3d 724, 726 (7th Cir. 2008) (*citing Newlin v. Helman,* 123 F.3d 429, 436–37 (7th Cir.1997)); *United States ex rel. Ferdone v. Circuit Ct. for Taylor County,* 73 F.3d 669, 674–75 (7th Cir. 1995); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1985). Furthermore, failure to timely pay the full filing fee will likely result in the Court ordering the prison to make deductions from Plaintiff's prison trust fund account, pursuant to *Newlin v. Helman,* 123 F.3d 429 434 (7th Cir.1997).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  April 1, 2013**

                                *s/ Michael J. Reagan*
                                **MICHAEL J. REAGAN**
                                **UNITED STATES DISTRICT JUDGE**