IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDY L. COOPER, #C63527, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-cv-00221-MJR |
| ) | |
| ERIC RUSSELL, ) | |
| RONALD K. ATCHISON, and ) | |
| RANDY S. VALDEZ, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Andy L. Cooper, an inmate in Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is a civilly committed sexually dangerous person serving an indefinite sentence.

By Order dated April 1, 2013 (Doc. 5), Cooper's complaint was dismissed without prejudice because he had "struck out" under 28 U.S.C. § 1915(g)—the complaint did not suggest he was in imminent danger of serious physical danger, he had not paid the $350.00 filing fee, and the muddled complaint failed to state a colorable constitutional claim (*see* 28 U.S.C. § 1915A). The Court also denied Plaintiff's motion for recruitment of counsel. Plaintiff was allotted 30 days to both pay the full filing fee and file a cognizable amended complaint. Instructive materials and a form complaint were sent to Plaintiff Cooper in hope that he would heed the Court's guidance, and be able to state a plausible claim, as opposed to the rambling diatribe that dominated the original complaint.

On April 25, 2013, Plaintiff filed his "Amended Complaint Added To" [sic] (Doc. 6). The required $350.00 filing fee has not been paid.

## ANALYSIS

### The Amended Complaint/Notice of Appeal

The amended complaint contains a section captioned "Amended Complaint-Appeal" (Doc. 6, p. 6). Plaintiff asserts the undersigned district judge "is in conflict of Interest, Conspiracy, and in error" [sic]; and "§ 1915 is not a legitimate grounds to excuse the lies[,] gang activities, evils, and corruption, to include [Defendants'] plagiarist and deceptive practices" [sic] (Doc. 6, p. 6). In essence, Plaintiff appears to disagree with the dismissal of the original complaint and failure to appoint counsel. That same section states:

> 12. To the best of my ability this is a "First Amended Complaint."
>
> 13. Requesting EXTENSION OF TIME AND CANNOT PAY FILING FEE.

(Doc. 6, p. 6). Under a separate heading of sorts, thirty-three additional numbered sentences and/or paragraphs follow, some of which mimic claims the Court discerned in the original complaint and dismissed.

The Clerk of Court shall be directed to have the record reflect that Doc. 6 contains an amended complaint, notice of appeal and motion for extension of time to pay the filing fee.

### The District Court Filing Fee

The Court forewarned Plaintiff that failure to pay the fee by the prescribed deadline, would likely result in Plaintiff being barred from filing any new papers in this Court until such time as the full filing fee for this action has been paid. *See Ammons v. Gerlinger,* 547 F.3d 724, 726 (7th Cir. 2008) (*citing Newlin v. Helman,* 123 F.3d 429, 436–37 (7th Cir. 1997)); *United States ex rel. Ferdone v. Circuit Ct. for Taylor County,* 73 F.3d 669, 674–75 (7th Cir. 1995); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1985). Plaintiff was further warned that failure to timely pay the full filing fee would likely result in the Court ordering the

prison to make deductions from Plaintiff's prison trust fund account, pursuant to *Newlin v. Helman,* 123 F.3d 429 434 (7th Cir. 1997).

Insofar as Plaintiff may be requesting an extension of time to pay the district court filing fee, his motion shall be denied. He has not provided any new information suggesting he is in imminent danger of physical harm. The Prison Litigation reform Act of 1996 ("PLRA"), Pub.L. 104-134, Title VIII, 110 Stat. 1321PLRA provides:

> "*In no event* shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g) (emphasis added). This rule is applicable to civilly committed sex offenders. *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004). Furthermore, Plaintiff has not offered any authority for his assertion that Section 1915 is inapplicable to military veterans. As a consequence of not having paid the filing fee as ordered, the Court will not consider the amended complaint (Doc. 6), and the dismissal of the original complaint (Doc. 1) shall now be *with* prejudice. *See* Fed.R.Civ.P. 41(b).

The record shall reflect that the amended complaint (Doc. 6) has been stricken.

**The Notice of Appeal and Appellate Filing Fee**

The notice of appeal contained within the amended complaint cannot be ignored or brushed aside—it is clearly labeled "Amended Complaint-Appeal," and it bears a separate signature (Doc. 6, p. 6).

"Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed, [they] are not entitled to sue and appeal, period. Abuses of

process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Because this case does not involve imminent danger of severe physical injury, any notice of appeal must be accompanied by the $455.00 appellate filing fee. 28 U.S.C. § 1915(g). Consequently, the notice of appeal shall also be struck.

**Show Cause**

The Court of Appeals for the Seventh Circuit has clearly instructed that when a prisoner who is ineligible to continue litigating under Section 1915(g) continues to file suits without paying the necessary filing fee, a filing bar is an appropriate solution. *See Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). *See also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid.")

Consistent with the guidance of the Seventh Circuit, Plaintiff Cooper shall be ordered to show cause why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $350.00 district court filing fee.

### DISPOSITION

The Clerk of Court is **DIRECTED** to have the record reflect that Doc. 6 contains an amended complaint, notice of appeal and motion for extension of time to pay the filing fee.

Plaintiff's motion for an extension of time to pay the district court filing fee (Doc. 6) is **DENIED**.

The amended complaint and notice of appeal (Doc. 6) are both **STRICKEN** pursuant to 28 U.S.C. § 1915(g).

Plaintiff Cooper is hereby **ORDERED TO SHOW CAUSE** not later than 30 days from the date of this Order (by July 1, 2013) why the Court should not bar him from filing any further papers in this Court until such time as he pays in full the $350.00 district court filing fee for this action. Should Plaintiff tender the full $350.00 filing fee to the Clerk of Court within 30 days from the date of this Order (and simultaneously submit for filing an amended complaint), Plaintiff's duty to show cause shall be discharged. In the event Plaintiff pays the $350.00 district court filing fee, *if* he still desires to file an appeal, he will also have to submit the $455.00 appellate filing fee along with a notice of appeal.

**IT IS HEREBY ORDERED** that the agency having custody of the Plaintiff is directed to remit the $350.00[1] district court filing fee from Plaintiff's prison trust fund account if such funds are available. If he does not have $350.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $350.00 is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $350.00 district court filing fee is paid. Payments shall reference Case No. 13-221-MJR and shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

---

[1] For those not proceeding *in forma pauperis*, effective May 1, 2013, a $50.00 general administrative fee was added to the $350.00 filing fee in the district courts. However, because Plaintiff Cooper initiated this action prior to May 1, 2013, the administrative fee will not be assessed. Cooper only owes $350.00.

The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Big Muddy River Correctional Center upon entry of this Order.

**IT IS SO ORDERED.**

**DATED:  May 30, 2013**

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**