IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDY L. COOPER, #C63527, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-00221-MJR |
| | ) | |
| ERIC RUSSELL, | ) | |
| RONALD K. ATCHISON, and | ) | |
| RANDY S. VALDEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

By Order dated April 1, 2013 (Doc. 5), Plaintiff Cooper's complaint was dismissed without prejudice because he had "struck out" under 28 U.S.C. § 1915(g)—the complaint did not suggest he was in imminent danger of serious physical danger, he had not paid the $350.00 filing fee, and the muddled complaint failed to state a colorable constitutional claim (see 28 U.S.C. § 1915A). Plaintiff was allotted 30 days to both pay the full filing fee and file a cognizable amended complaint.

On April 25, 2013, Plaintiff attempted to file an amended complaint without submitting the filing fee. He was directed to show cause by July 1, 2013, why a filing ban should not be imposed. The Court noted that if the filing fee were paid, the show cause order would be satisfied. By Order dated June 17, 2013, Plaintiff was again cautioned about the July 1 deadline and the possible consequences. That deadline has now passed without Plaintiff tendering the overdue filing fee.

Pursuant to Federal Rule of Civil Procedure 41(b), this action shall now be dismissed with prejudice for failure to comply with multiple Court orders, and for failure to prosecute this

action.  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).   As it now appears that the prosecution of this action was malicious, this dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

In addition, Plaintiff Cooper shall be barred from filing any new papers in this Court until such time as he has paid to the Clerk of Court the full filing fee for this action.  *See Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) (citing *Newlin v. Helman*, 123 F.3d 429, 436–37 (7th Cir.1997)); *United States ex rel. Ferdone v. Circuit Ct. for Taylor County*, 73 F.3d 669, 674–75 (7th Cir. 1995); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1985).

Plaintiff's obligation to pay the $350.00 filing fee for this action was incurred at the time the action was filed.  Although he has now abandoned this action, he still must pay the filing fee.  Consequently, by separate order the Court will direct the prison to make deductions from Plaintiff's prison trust fund account, pursuant to *Newlin v. Helman*, 123 F.3d 429 434 (7th Cir.1997).

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 41(b), this action is **DISMISSED WITH PREJUDICE**.  This dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).  Judgment shall enter accordingly.

**IT IS FURTHER ORDERED** that Plaintiff Cooper is **RESTRICTED** from filing any new civil actions in this Court until such time as his outstanding filing fee of $350.00 have been paid in full.  Consistent with 28 U.S.C. § 1915(g), this filing restriction does not extend to matters where Plaintiff is under imminent danger of serious physical injury.  Also, this filing restriction does not extend to a notice of appeal from this order, to the filing of any petition

for a writ of habeas corpus, nor to pleadings filed as a defendant in another criminal or civil case. Plaintiff may seek modification or rescission of this order, by filing a motion in this Court *no earlier* than two years from the date of entry of this order. Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this order.

If Plaintiff wishes to appeal this order, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED:  July 2, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**